Gary M. Bullock, OSB 66022
Email: gary@garymbullock.com
Joanna L. Dorchuck, OSB 01240
Email: joannadorchuck@gmail.com
GARY M. BULLOCK & ASSOCIATES, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Phone: (503) 228-6277
Fax: (503) 228-6280
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARVIS HENDERSON,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No.:<br><br>COMPLAINT<br>(Negligence)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Marvis Henderson, by counsel, states her cause of action as set forth below:

## PARTIES, JURISDICTION AND VENUE

1.

This action arises under the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.* This

Court is vested with jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. §1346(b).

2.

In compliance with 28 U.S.C. §2675, Plaintiff filed her notice of administrative claim

Page 1 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

with the appropriate administrative agency—Department of Health and Human Services—on

December 5, 2013.

3.

On or about June 9, 2014, the acting Deputy Associate General Counsel for the

Department of Health and Human Services denied Plaintiff's administrative tort claim.

Accordingly, Plaintiff's claim is ripe to be litigated in this Court pursuant to 28 U.S.C.

§§2675(a), 2401(b).

4.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1402(b) because the injury

complained of occurred at the Waterfall Clinic, Inc., located in North Bend, Oregon and thus, the

cause of action arose within the District of the State of Oregon.  In addition, at all times material,

Plaintiff Marvis Henderson was a resident of Coos County, Oregon.

## GENERAL ALLEGATIONS

5.

At all times material herein, all of the services performed on behalf of Defendant as

alleged herein, were performed by employees and/or agents, actual and/or apparent, working in

the course and within the scope of their employment and/or agency for Defendant at the

Waterfall Clinic, Inc, located in North Bend, Oregon (hereinafter referred to as "Waterfall

Clinic"); the services provided were those integral to the clinic's functions.

6.

Prior to the care at issue in this case, Plaintiff had renal cell carcinoma, a potentially

Page 2 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

lethal cancer of the kidney. The cancer was first found and treated in 2004. Treatment for the cancer involved removal of Plaintiff's right kidney. After recovery from the surgery and treatment in 2004, Plaintiff was advised by her medical providers that a likely time for possible recurrence of the renal cell carcinoma would be between 8-10 years after removal of the kidney.

7.

On November 5, 2012 Plaintiff visited Defendant's Waterfall Clinic for the first time and presented as a new patient. At that time she advised that she had a history of kidney cancer, 8 years prior. At this time, as part of her history provided to Waterfall Clinic employee, Judith Randall, FNP, Plaintiff disclosed that she had a history of renal cell carcinoma approximately 8 years prior and that she did have her kidney removed. Plaintiff complained of extreme weakness, back pain, fatigue, vision problems and high blood pressure. Ms. Randall did not address with Plaintiff the possibility of the recurrence of her renal cell carcinoma, nor did she advise Plaintiff to follow up with a nephrologist or oncologist.

8.

Beginning in January 2013, Plaintiff began to feel like her physical health was deteriorating; she experienced feeling generally weaker in the following months. Plaintiff suffered from back pain that was worsening over time.

9.

On June 4, 2013 Plaintiff presented at the emergency department at Bay Area Hospital in Coos Bay, Oregon (not a party to this suit) with complaints of left thigh pain, low back pain and left gluteal discomfort. Plaintiff specifically described her major complaint was "a round area,

Page 3 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

approximately half-dollar size in her mid-spine which she describes as sharp." Plaintiff was examined by an emergency physician at Bay Area Hospital who diagnosed her with left side pain/discomfort, chronic back pain, and diffuse musculoskeletal pain.

10.

Plaintiff returned to Bay Area Hospital's emergency department a few days later complaining of continued low back pain, buttock pain and left thigh pain anteriorly. Plaintiff was examined by an emergency physician at Bay Area Hospital who diagnosed her with left gluteal pain and left thigh pain, the exact etiology undetermined. Plaintiff was discharged and directed to follow up with her primary care physician.

11.

Plaintiff again returned to Bay Area Hospital's emergency department on June 14, 2013 complaining of continued pain in her left leg and that the medication previously prescribed was not sufficiently managing her pain. Plaintiff was examined by an emergency physician at Bay Area Hospital, who diagnosed her with left leg deep venous thrombosis, hypertension and paresthesias of the left side, etiology unclear. The medical record notes "for right nephrectomy secondary to renal cell carcinoma." Plaintiff was admitted to the hospital and was provided with medication; Plaintiff was discharged two days later, still noting left leg pain and numbness.

12.

Plaintiff returned to Bay Area Hospital's emergency department again on June 26, 2013, complaining of pain in the sacroiliac region; Plaintiff noted that it was painful even to walk, to bend over. The medical record notes "PAST MEDICAL HISTORY: significant for

Page 4 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

nephrectomy." Plaintiff was examined by a Bay Area Hospital emergency physician who diagnosed her with low back pain. Plaintiff was prescribed muscle relaxants and narcotics for the pain and advised to return if her symptoms worsened.

13.

Plaintiff returned to Bay Area Hospital's emergency department on July 6, 2013 with complaints of right leg pain. The medical record notes past medical history of "right kidney removed because of cancer." Plaintiff was examined by a Bay Area Hospital emergency physician who provided Plaintiff with additional pain medication and advised her to get follow up care at Defendant's Waterfall Clinic as to her continued pain.

14.

As directed Plaintiff then followed up with her primary care provider, Judith Randall, FNP, at Defendant's Waterfall Clinic on July 12, 2013. On this date, Plaintiff still complained of severe pain in her left leg and pain in her back. Despite ultrasound results, Defendant's employee Randall believed Plaintiff to have deep vein thrombosis and diagnosed Plaintiff with acute venous embolism and thrombosis of deep vessels of proximal lower extremity. Defendant's employee Randall did not order a venogram to measure and/or identify the blood flow in Plaintiff's veins. Rather Defendant's employee Randall provided Plaintiff with medication, including Ketorolac and Hydrocodone.

15.

On July 16, 2012, Plaintiff returned for medical care at Defendant's Waterfall Clinic. Plaintiff complained of intractable burning pain in both legs from her knees to hips, front and

Page 5 – Complaint

back, with numbness on the front part of both legs. Plaintiff was given a shot of Toradol and a prescription for gabapentin (Neurotin), a drug used both to treat epileptic convulsions and pain.

16.

Three days later, on July 19, 2012, at 8:20 am, Plaintiff returned for care at Defendant's Waterfall Clinic. At this time Plaintiff was complaining of searing pain in both legs, with burning pain up the right thigh, pain in her hips and low back. Plaintiff advised Defendant's employee that she was convinced her cancer had returned and that it was affecting her spine and back, causing all of her pain. Plaintiff specifically requested an MRI, knowing that an MRI would reveal whether or not her cancer had returned. The provider at Defendant's Waterfall Clinic did not order an MRI; rather she provided Plaintiff with an injection of Toradol and referred Plaintiff to Dr. Nolan at Defendant's Waterfall Clinic for an exam. Plaintiff returned for care at Defendant's Waterfall Clinic and saw Dr. Nolan. After examination with Dr. Nolan, Plaintiff was diagnosed with fibromyalgia.

17.

On August 20, 2013, Plaintiff returned to see Ms. Randall at Defendant's Waterfall Clinic. At this time Plaintiff still complained of burning pain in her left leg, itching on the back and generally feeling weak and not like herself. Ms. Randall believed Plaintiff to be suffering from a reaction to medication prescribed to her at her last visit and advised Plaintiff to gradually stop taking the medication.

18.

On August 24, 2013 Plaintiff returned to Bay Area Hospital's emergency department via

Page 6 – Complaint

ambulance at 5:45 am. Plaintiff complained of severe back pain to the EMT; she was moaning and writhing in pain, unable to ambulate independently. Plaintiff was examined by a Bay Area Hospital emergency department physician whose assessment was neck pain. Plaintiff was discharged and advised to take Valium (a muscle relaxant and anti-anxiety agent) and Percocet for her pain.

19.

Early in the morning the very next day, Plaintiff returned to Bay Area Hospital's emergency department via ambulance after calling 9-1-1 for assistance. Plaintiff complained of severe abdomen pain that was radiating to her lower back; she was moaning and writhing in pain, unable to ambulate independently. Plaintiff was examined by a Bay Area Hospital emergency department physician, who discharged Plaintiff with an assessment of musculoskeletal back pain and abdominal pain, advising to take medication for her pain and to follow up with Defendant's Waterfall Clinic for ongoing treatment of her chronic back pain.

20.

Plaintiff returned to Bay Area Hospital's emergency department on September 2, 2013 complaining of progressive weakness in both of her legs, wherein she was having difficulty even bearing weight. Plaintiff was examined by a Bay Area Hospital emergency department physician and because of her weakness and inability to walk, Plaintiff was admitted to the hospital for further testing.

21.

Once admitted, Plaintiff was again examined and finally a lumbar MRI was ordered. The

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

MRI revealed pathologic fracture (a fracture of bone caused by some disease, such as cancer) at L3 (the third lumbar vertebra) with extensive tumor involvement of the vertebral body and significant mass effect on the spinal canal which was narrowed to 4 mm in diameter and also with mass effect on the right and left exiting roots of L3 proximally. The cancer was pressing on the nerves that connect the muscles and other organs to the spinal cord; such pressure is intensely painful. The MRI also showed a large right paraspinal mass measuring 6 x 9 cm and displacing and compressing the inferior vena cava, indicating that there was a tumor adjacent to the spine pressing on the large vein that brings blood from the lower body back to the heart. A chest CT revealed multiple bilateral lung nodules, suspicious for metastatic disease. The CT of the abdomen/pelvis revealed a large heterogeneous mass to the right of the abdominal aorta measuring 7.2 x 4.7 x 8.7 cm. Such indicated that there was another tumor the size of a baseball located next to the aorta, the large artery carrying blood to the lower part of the body. Bay Area Hospital's orthopedic doctor advised that he would not be able to operate on Plaintiff's lumbar tumor due to the likely highly vascular nature of the tumor. Consequently, Plaintiff was transferred to OHSU for specialty care there. Plaintiff was transferred to OSHU on September 4, 2013.

22.

The tumor on Plaintiff's spine burst, with a rupture of 2 vertebras in Plaintiff's lower back. A burst fracture occurs when some disease, such as cancer, has eaten away the bony walls of the vertebrae so that the bone cannot support the body weight. As a result, Plaintiff underwent a two stage procedure for the L3 burst fracture at OHSU. Her first surgery was on September 10,

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

2013 and involved a T10-15 posterior instrumental percutaneous fusion (fusion of 2 or more

vertebrae of the spine), L3 laminectomy decompression (removal of part of the vertebrae to

relieve pressure on the nerves connected to the spinal cord or the spinal cord itself), and partial

L3 corpectomy (removal of part of the body of the third lumbar vertebra.)  Plaintiff's second

surgery, performed on September 12, 2013, involved a L3 corpectomy and cage placement and

L2 to L4 lateral instrumented fusion.

23.

After Plaintiff was discharged from OHSU she returned to her home in Coos County and

completed radiation therapy and chemotherapy.

24.

Plaintiff specifically advised each and every one of the providers that she saw at

Defendant's Waterfall Clinic that she had previously suffered from renal cell carcinoma.

Plaintiff specifically stated to each and every one of the providers that she saw at Defendant's

Waterfall Clinic that she believed her cancer had returned and she believed that it was her cancer

that was affecting her spine and back, causing all of her pain.  Plaintiff specifically requested

from each and every one of the providers that she saw at Defendant's Waterfall Clinic that an

MRI be ordered to see whether her cancer had returned.

25.

As a result of the injuries to Plaintiff resulting from the negligence of the Defendant

herein set forth, Plaintiff suffers from persistent severe pain, permanent disability and a

shortened life expectancy; Plaintiff is now unable to carry out her normal daily activities.

Page 9 – Complaint                                   Gary M. Bullock & Associates, P.C.
                                                     1000 SW Broadway, Suite 2460
                                                     Portland, OR 97205
                                                     Telephone (503) 228-6277
                                                     Facsimile (503)228-6280

26.

The delay in diagnosis permitted the tumor to enlarge to the point of a burst fracture. The extensive surgery Plaintiff underwent would not have been needed if the tumor had been detected promptly. The diagnostic delay denied Plaintiff any chance of curative therapy.

27.

As a result of the failures of Defendant as set forth herein to follow the appropriate standards of care, Plaintiff suffered severe and permanent damages. As a result of the negligence of Defendant as set forth herein, Plaintiff was caused physical and mental pain and suffering, mental anguish, emotional distress, physical disability, one or more of which conditions may be permanent in nature.

28.

Plaintiff's injuries have interfered with her ability to carry out her normal and regular mental and physical activities. Plaintiff has incurred and will continue to suffer physical and mental pain, discomfort, emotional stress, inconvenience, and anxiety. Plaintiff seeks non-economic damages in the amount of $1,000,000.

29.

As a direct and proximate result of the negligence of the Defendant and the above-described injuries, Plaintiff has incurred economic damages in the form of medical expenses in the amount of $356,560 and Plaintiff will continue to incur medical expenses, and future support expenses in the future in the amount of $50,000. Plaintiff reserves the right to amend this Complaint at the time of trial to reflect the full amount of medical expenses.

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

30.

The conduct of Defendant was unreasonable; Defendant failed to follow the appropriate

standards of care.

## CLAIM FOR RELIEF

31.

Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32.

Defendant and the agents and employees acting for it and owed Plaintiff a duty to use that

degree of care, skill and diligence that is used by ordinarily careful physicians in the same or

similar circumstances in the community of the physician or similar community in the diagnosis,

care, and treatment of Plaintiff.

33.

Defendant and its agents and employees breached this duty by failing to use reasonable

care and diligence in accordance with acceptable medical practices and procedures in the

community in the following manner:

(a) Failure to identify Plaintiff's back pain and weakness as a prominent symptom of

persons with renal cell carcinoma metastatic to the spine;

(b) Failure of Judith Randall, FNP to refer Plaintiff to a physician in light of Plaintiff's

history of renal cell carcinoma and a current chief complaint of back pain;

(c) Failure of Judith Randall, FNP to have an MRI performed in light of Plaintiff's

history of renal cell carcinoma and a current chief complaint of back pain;

Page 11 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

(d) Failure to have an MRI performed in light of Plaintiff's specific request for an MRI to determine whether her renal cell carcinoma had returned;

(e) Denial of Plaintiff's opportunity to participate in decisions regarding her medical care;

(f) Failure to provide adequate control of the Plaintiff's pain;

(g) Failure to provide appropriate follow-up for emergency department visits;

(h) Failure to make a timely diagnosis of a severe, painful, progressive, malignant tumor, thereby necessitating extensive subsequent therapy and adversely affecting her prognosis;

(i) Failure to follow the Defendant Waterfall Clinic's own guidelines, rules and regulations regarding the conduct of employees, physicians, nurse, and others in regard to communication with the patient and the use of imagings; and

(j) Failure to adopt and follow appropriate policies and procedures for medical care.

34.

As a direct and proximate result of Defendant's breach of its duties and the negligence of the Defendant, Plaintiff sustained injuries, including but not limited to a L3 burst fracture.

35.

Had the metastatic cancer of the spine been detected, treatment to shrink the tumor could have been utilized, so that treatment of the cancer would have been less extensive as that which was needed in September 2013. The delay in diagnosis of Plaintiff's cancer recurrence mandated extensive surgery.

Page 12 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280

36.

The delay in diagnosis also has affected Plaintiff's prognosis. Had the tumor been detected and treated promptly, Plaintiff's long-term outlook would be much better than it is now given Defendant's failures.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.  For Plaintiff's economic damages in such amount as the jury may deem just and appropriate and in such amount as will be proven at trial, subject to amendment prior to trial, and which at this time is alleged not to exceed $406,560.00;

2.  For Plaintiff's non-economic damages in such amount as the jury may deem just and appropriate, not to exceed the sum of $1,000,000.00;

3.  For Plaintiff's cost and disbursements incurred herein; and

4.  For such relief as the Court may deem appropriate.

Dated this ___2___ day of October, 2014.

GARY M. BULLOCK AND ASSOCIATES, P.C.

Gary M. Bullock, OSB #660229
Of Attorneys for Plaintiff

Page 13 – Complaint

Gary M. Bullock & Associates, P.C.
1000 SW Broadway, Suite 2460
Portland, OR 97205
Telephone (503) 228-6277
Facsimile (503)228-6280